Hatch Ray Olsen Conant LLC
Christopher J. Conant, Cal. Bar No. 244597
cconant@hatchlawyers.com
730 17th Street, Suite 200
Denver, CO 80202
Telephone: (303) 298-1800
Attorneys for Jessica Woods

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA WOODS, an individual<br><br>Plaintiff,<br><br>v.<br><br>JEAN MERKELBACH, an individual,<br><br>Defendant. | No. 2:23-cv-02798-DAD-CKD<br><br>**STIPULATED PROTECTIVE ORDER** |

The parties, Jessica Woods and Jean Merkelbach (the "Parties", collectively, and a "Party", individually) through their counsel, stipulate as follows:

WHEREAS, the above-captioned action involves the sale of the Tahoe Keys Marina in South Lake Tahoe. Ms. Merkelbach represented the buyers of the Marina. As part of this litigation, certain confidential documents related to the sale of the Marina, which contain the confidential information of third parties or confidential information regarding the Marina, may be requested;

WHEREAS, certain information and documents which have been and may be sought, produced or exhibited by and among the Parties to the above-captioned proceeding (the "Proceeding"), as well as third-parties relating to their respective personal, business, and financial

information, the disclosure of which would harm the interests of the party in question; and

WHEREAS, it has been agreed by and among the Parties in the Proceeding, through their respective counsel, that a protective order preserving the confidentiality of certain information and documents should be entered by the Court; and

WHEREAS, the Court has reviewed the terms and conditions of this protective order submitted by the Parties;

IT IS HEREBY ORDERED THAT:

Pursuant to Fed. R. Civ. P. 26(c), upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any Party, witness, or person providing discovery in this case, IT IS ORDERED:

1. This Protective Order shall govern all documents, the information contained therein and all other information produced or disclosed during the Proceeding, whether revealed in a document, deposition, interrogatory answer, responses to requests for admissions, other testimony, discovery response or otherwise, by any Party or subpoenaed person/entity in this Proceeding (the "Supplying Party") to any other Party (the "Receiving Party"), when the same is designated in accordance with the procedures set forth herein. This Protective Order is binding upon all Parties to the Proceeding, including their respective corporate parents, subsidiaries and affiliates and their respective attorneys, agents, representatives, officers and employees and others as set forth in this Protective Order.

2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Any Supplying Party shall, through counsel, have the right to identify and designate as "CONFIDENTIAL" any document or other material it produces or provides (whether pursuant

to Rules 26 and 34 of the Federal Rules of Civil Procedure, pursuant to subpoena or by agreement between the Supplying Party(ies) and the Receiving Party(ies)), or any testimony given in this Proceeding, which testimony or discovery material is believed by that Supplying Party to constitute, reflect or disclose its confidential or proprietary information ("Designated Material").

4. "CONFIDENTIAL Information" as used herein means any Designated Material for the purposes of this Protective Order that is designated as "CONFIDENTIAL" by the Supplying Party, whether it is a document, information contained in a document, information revealed during a deposition or other testimony, information revealed in an interrogatory answer or information otherwise revealed, provided such document contains confidential and/or proprietary information. In designating material as "CONFIDENTIAL", the Supplying Party will make such designation only as to that material that it in good faith believes to be entitled to confidential treatment. Material that is available to the public shall not be designated as "CONFIDENTIAL."

5. "HIGHLY CONFIDENTIAL Information" as used herein means any Designated Material for purposes of this Protective Order that is designated as "HIGHLY CONFIDENTIAL" by the Supplying Party, whether it is a document, information contained in a document, information revealed during a deposition or other testimony, information revealed in an interrogatory answer or information otherwise revealed, provided such document contains confidential and/or proprietary information. In designating material as "HIGHLY CONFIDENTIAL", the Supplying Party will make such designation only as to that material that it in good faith believes to be entitled to highly confidential treatment for attorneys' eyes only, such as information and documents in which the disclosure to another Party or non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. Material that is available to the public shall not be designated as "HIGHLY CONFIDENTIAL."

6. CONFIDENTIAL Information shall be used solely for the purpose of the

Proceeding, and shall not, without the consent of the Supplying Party or further Order of the Court, be used, transferred, disclosed or communicated in any way, except that such information may be disclosed to:

    (a)    attorneys actively working on this case or any other pending or future litigation between the Parties;

    (b)    persons regularly employed or associated with the attorneys actively working on the case or any other pending or future litigation between the Parties whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    (c)    the Parties, including designated representatives;

    (d)    expert witnesses and consultants, who agree in writing to be bound by this protective order, retained in connection with this proceeding or any other pending or future litigation between the Parties, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    (e)    the Court and its employees ("Court Personnel");

    (f)    stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    (g)    deponents, witnesses, or potential witnesses, who agree in writing to be bound by this protective order; and

    (h)    other persons by written agreement of the Parties.

7. HIGHLY CONFIDENTIAL Information shall be used solely for the purpose of the Proceeding, and shall not, without the consent of the Supplying Party or further Order of the Court, be used, transferred, disclosed or communicated in any way, except that such information may be disclosed to:

(a) attorneys actively working on this case or any other pending or future litigation between the Parties;

(b) persons regularly employed or associated with the attorneys actively working on the case or any other pending or future litigation between the Parties whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) expert witnesses and consultants, who agree in writing to be bound by this protective order, retained in connection with this proceeding or any other pending or future litigation between the Parties, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(d) the Court and its employees ("Court Personnel");

(e) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action; and

(f) other persons by written agreement of the Parties.

8. CONFIDENTIAL and HIGHLY CONFIDENTIAL Information will be referred to as "PROTECTED Information".

9. Persons having knowledge of PROTECTED Information by virtue of their participation in the conduct of the Proceeding shall use that PROTECTED Information only in connection with the prosecution, defense, or appeal of the Proceeding or in connection with any other pending or future litigation between any of the Parties.

10. In the event Electronically Stored Information ("ESI") is disclosed or discovered in the course of this litigation, including, but not limited to, ESI provided in a native format on hard disks or other magnetic data storage disks, removable disks and/or drives, portions thereof, or digital images of data storage disks or drives, such information may be designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL in a written communication or in an electronic

mail message to the Receiving Party, or may be stamped CONFIDENTIAL or HIGHLY CONFIDENTIAL.

11. Any Party who inadvertently fails to identify documents or information as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately-designated documents. Any Party receiving such improperly-designated documents shall promptly retrieve such documents from persons not entitled to receive those documents and, upon receipt of the substitute documents, shall return or destroy the improperly-designated documents.

12. Any Party who inadvertently discloses documents that are privileged or protected by the work product doctrine shall, promptly upon discovery of such inadvertent disclosure, so advise the Receiving Party and request that the documents be returned. The Receiving Party shall return such inadvertently produced documents, including all copies and copies the Receiving Party provided to any other individual or entity, within 14 days of receiving such a written request.

13. Whenever a deposition involves the disclosure of PROTECTED Information, the portions thereof that involve the disclosure of PROTECTED Information shall be designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible or a Party may reserve the right on the record to review the transcript of the deposition and designate portions CONFIDENTIAL or HIGHLY CONFIDENTIAL within 30 days after receiving the transcript. Transcript pages containing PROTECTED Information must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

14. A Party may object to the designation of particular PROTECTED Information by

6
STIPULATED PROTECTIVE ORDER

giving written notice to the Party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties to the dispute cannot resolve the objection within twenty (20) business days after the time the notice is received, it shall be the obligation of the Supplying Party to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as designated under the terms of this Protective Order until the Court rules on the motion. If the Supplying Party fails to file such a motion within the prescribed time, the disputed information shall lose its designation and shall not thereafter be treated as PROTECTED Information in accordance with this Protective Order. In connection with a motion filed under this provision, the Supplying Party shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL.

15. Notwithstanding the foregoing, the designation of Information as PROTECTED Information shall not prevent a Party from filing the PROTECTED Information on the docket in this Proceeding; provided that any Party intending to file PROTECTED Information that it received from the Supplying Party must notify the Supplying Party of the intention at least five days before filing, and allow the Supplying Party to file a motion to seal pursuant to Local Rule 141.

16. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be returned to the Supplying Party, or the Parties may elect to destroy CONFIDENTIAL or HIGHLY CONFIDENTIAL documents.

17. This Protective Order may be modified by the Court at any time for good cause shown following notice to all Parties and an opportunity for them to be heard.

\* \* \*

| | |
|---|---|
| Approved on behalf of Plaintiff: | HATCH RAY OLSEN CONANT LLC |
| | By: <u>s/Christopher J. Conant</u><br>Counsel for Plaintiff |
| Approved on behalf of Defendant: | SNELL & WILMER LLP |
| | By: <u>s/Patrick W. Kelly</u><br>Counsel for Defendant |

<u>ORDER</u>

The Court has reviewed the parties' stipulated protective order. The stipulation comports with the relevant authorities and the court's applicable local rule. <u>See</u> Local Rule 141.1. The Court APPROVES the protective order, subject to a clarification that the Court will not retain jurisdiction over this protective order once the case is closed. See Local Rule 141.1(f).

Dated:  September 19, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4, wood2798.23

1
STIPULATED PROTECTIVE ORDER

Case 2:23-cv-02798-DAD-CKD   Document 33   Filed 09/19/24   Page 9 of 9